# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

HELEN HILL,

        Plaintiff,

v.                                        Case No. 07-CV-405

MICHAEL J. ASTRUE,

        Defendant.

_____

## ORDER

On December 27, 2007, the court issued an order affirming the decision of the Commissioner of Social Security ("Commissioner"), which denied plaintiff Helen Hill's ("Hill") application for disability insurance benefits and supplemental security income. (Order, December 27, 2007, Docket #16). Hill took an appeal to the Seventh Circuit, which reversed this court's order and remanded the case for further consideration. Hill now seeks attorneys' fees from the defendant pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorneys' fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (citing 28 U.S.C. §2412(d)(1)(A), (B)). The Commissioner bears the burden of showing his litigation positions were substantially justified. *Id.* at 864 (citations omitted). A

litigation position is substantially justified if it has a reasonable factual and legal basis, and a reasonable connection exists between those factual and legal bases. *Id.* (citations omitted). Here, the Commissioner challenges Hill's assertion that the government's position throughout this case was not substantially justified.

In her motion, Hill contends that the Commissioner's position lacked substantial justification during the pre-litigation phase of Hill's case. Hill cites numerous instances in the Seventh Circuit's order in which the court of appeals questioned the decision of the Administrative Law Judge ("ALJ"). Specifically, Hill notes that the Seventh Circuit found the ALJ's determination of Hill's credibility to be problematic and ambiguous, and found the ALJ did not adequately address evidence of Hill's pain and fatigue symptoms, range of motion limitations, urinary issues, hand manipulation problems, or her depression.

The Commissioner contends that his position throughout this case was substantially justified. The Commissioner argues that the Seventh Circuit's order, and this court's order that preceded it, demonstrate that the Commissioner had a reasonable factual and legal basis for his positions. Specifically, the Commissioner asserts that the Seventh Circuit did not find the ALJ's analysis legally and factually erroneous, but rather held that the ALJ did not adequately articulate his reasoning. The Commissioner also notes that this court sided with the Commissioner and affirmed the ALJ's determination.

Both parties direct the court to two cases in which the Seventh Circuit addressed the awarding of EAJA fees in Social Security cases. In *Golembiewski v. Barnhart*, the Seventh Circuit reversed a district court order denying EAJA fees, and held that the plaintiff was entitled to such fees. 382 F.3d 721 (7th Cir. 2004). In that case, as in this case, the Seventh Circuit had previously reversed the district court's order affirming the Commissioner's decision denying social security benefits. *Id.* at 725. In reversing the district court's decision denying EAJA fees, the court of appeals held that a district court should "analyze the actual merits of the government's litigation position," and noted that "[s]trong language against the government's position in [a court of appeals] opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.* at 724. The court of appeals then looked to the order it had previously issued in the case, and concluded that the Commissioner's position was not substantially justified. In its previous order, the court of appeals had found that the ALJ violated judicial precedent and the Commissioner's own rules in failing to discuss the applicant's credibility, and that the ALJ failed to follow the factors that the Commissioner had established to evaluate an applicant's symptoms. *Id.* at 724. The court had also found that the ALJ mischaracterized and ignored significant medical evidence. *Id.* at 724-25. The court of appeals further noted that, in deciding the merits of plaintiff's disability claim, it did not adopt any position taken by the Commissioner. *Id.* at 725.

-3-

In *Cunningham v. Barnhart*, the Seventh Circuit affirmed a district court order denying EAJA fees. 440 F.3d at 863-65. Unlike *Golembiewski*, no previous appeal had been taken to the court of appeals. Instead, the district court had reversed the Commissioner's original denial of benefits and remanded for further proceedings. In considering the plaintiff's request for EAJA fees, the district court found that the Commissioner's position was substantially justified. In affirming that decision, the Seventh Circuit distinguished the case from *Golembiewski*. The court of appeals held that "the ALJ did generally mention the objective medical evidence," and that evidence in the record supported the ALJ's conclusion even though the ALJ had failed to adequately explain his reasoning. *Id.* at 865. The court went on to conclude that "[t]his is not a case in which the Commissioner's position is based on speculation with no support in the record." *Id.*

Here, the Seventh Circuit found several errors in the ALJ's decision which warranted reversal. First, the court concluded that the ALJ's credibility determination was "problematic" because the ALJ did not specify which parts of Hill's testimony he did not believe, and because the ALJ seemed to base his credibility finding on ambiguous evidence of Hill's ability to control her diabetes. *See Hill v. Astrue*, 295 Fed.Appx. 77, 81-82 (7th Cir. 2008). Second, the court concluded the ALJ had failed to "build a logical bridge" between evidence that Hill suffered pain and tenderness in her shoulder, which limited her movement, and the ALJ's finding that Hill could perform work requiring reaching in all directions. *Id.* at 82. Third, the court

-4-

concluded that substantial evidence did not support the ALJ's finding that Hill's pain was not severe, and that the ALJ misstated Hill's testimony regarding the medication she took. *Id.* at 82. Fourth, the court concluded that the ALJ failed to include Hill's urinary frequency symptoms in constructing Hill's residual functional capacity ("RFC"). *Id.* at 82-83. Fifth, the court concluded that the ALJ failed to consider Hill's claims of numbness and tingling in her hands, and fatigue in evaluating Hill's RFC. *Id.* at 83. Finally, the court questioned whether the ALJ considered all of the evidence before finding that Hill's depression had no effect on Hill's ability to work. *Id.* at 83-84.

Although this court found that the ALJ's decision had adequately discussed the relevant issues and had built a logical bridge between the evidence and his decision, the court of appeals clearly felt otherwise. Based on the extent of the ALJ's errors cited by the court of appeals, and the strong language used in its opinion, the court finds that the Commissioner's overall litigation position was not substantially justified. The Seventh Circuit's opinion in this case outlines more than the mere failure on the part of the ALJ to adequately articulate his reasoning. Rather, the court of appeals found that the ALJ ignored or mischaracterized evidence of Hill's symptoms relating to depression, fatigue, hand manipulation problems, shoulder pain, and urinary incontinence, and that the ALJ's credibility analysis was flawed. The court of appeals' order in this case also suggests that the medical evidence did not support the ALJ's RFC determination. *See Cunningham*,

-5-

440 F.3d at 865 (distinguishing between an ALJ's failure to adequately connect the evidence to his conclusions and a lack of evidence in the record supporting an ALJ's decision). Moreover, it appears that the court of appeals soundly rejected all of the Commissioner's positions on appeal. In the end, the Seventh Circuit's opinion convinces the court that this case is more analogous to *Golembiewski* than *Cunningham*. As a result, the court finds that Hill is entitled to attorneys' fees pursuant to the EAJA, and grants Hill's motion in its entirety.[1]

Accordingly,

**IT IS ORDERED** that defendant's motion for extension of time (Docket #25) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's motion for attorneys' fees (Docket #24) be and the same is hereby **GRANTED**; the defendant shall pay the plaintiff's attorneys' fees in the amount of $20,298.32 directly to plaintiff's appellate counsel, Barry A. Schultz, pursuant to the fee agreement filed with the court.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] The Commissioner has not objected to the fee amounts requested by Hill in her motion.